KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Aaron Steelman,<br><br>Plaintiff,<br><br>v.<br><br>Johnathen L. Warshaw, et al.,<br><br>Defendants. | No.   CV-24-08205-PCT-JAT (DMF)<br><br><br>**ORDER** |

Self-represented Plaintiff Matthew Aaron Steelman, who is confined in the Yavapai County Jail, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 7). The Court will dismiss this action.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

1  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff
2  has raised claims that are legally frivolous or malicious, fail to state a claim upon which
3  relief may be granted, or seek monetary relief from a defendant who is immune from such
4  relief. 28 U.S.C. § 1915A(b)(1)–(2).

5  A pleading must contain a "short and plain statement of the claim *showing* that the
6  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does
7  not demand detailed factual allegations, "it demands more than an unadorned, the-
8  defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
9  (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice." *Id.*

11 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
12 claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
13 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
14 that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for
16 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
17 experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual
18 allegations may be consistent with a constitutional claim, a court must assess whether there
19 are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

20 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
21 must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*,
22 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner]
23 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.*
24 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

25 If the Court determines that a pleading could be cured by the allegation of other
26 facts, a self-represented litigant is entitled to an opportunity to amend a complaint before
27 dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en
28

banc).  Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

### III.  Complaint

In his three-count Complaint, Plaintiff sues criminal defense attorneys Jonathen Warshaw and Anthony Petty, Deputy Yavapai County Attorney Steven J. Sisneros, and the Yavapai County Sheriff's Office.  Plaintiff seeks review of his criminal case and release from detention.[1]

In Count One, Plaintiff alleges Defendant Warshaw violated his due process rights by waiving Plaintiff's right to a preliminary hearing and violating several codes of conduct. Plaintiff asserts Defendant Warshaw neglected Plaintiff's criminal case, ignored Plaintiff's requests for "inclusion of evidence and for disclosure motions," and refused to review Plaintiff's plea with Plaintiff.  Plaintiff filed a complaint with the Arizona State Bar and Defendant Warshaw "recused himself."

In Count Two, Plaintiff alleges Defendant Petty violated Plaintiff's due process rights by failing to notify Plaintiff that he had been appointed to represent Plaintiff, refusing to accept collect calls, and refusing to file Plaintiff's motions.  Plaintiff states the trial judge denied Plaintiff's motions for change of counsel.

In Count Three, Plaintiff alleges "the prosecutor['s] office . . . willfully covered up the unlawful waiver of [Plaintiff's] preliminary hearing by pushing through four supervening indictments far past the 10[-]day mark of Rule 5.1(c)(1)."

### IV.  Failure to State a Claim

#### A.  Defendants Warshaw and Petty

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law.  An attorney representing a criminal defendant does not act under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n

---

[1] Plaintiff cannot obtain release from custody in a § 1983 action.

attorney, whether retained or appointed, does not act 'under color of' state law."). Accordingly, the Court will dismiss Defendants Warshaw and Petty.

### B. Defendant Sisneros

Prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Id.*; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police). Plaintiff sues Defendant Sisneros for his actions related to initiating prosecution of Plaintiff and presenting the State's case. Accordingly, he is immune from § 1983 liability and he will be dismissed.

### C. Defendant Yavapai County Sheriff's Office

The Yavapai County Sheriff's Office is not a proper defendant because it is a "non-jural entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. The sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, the Yavapai County Sheriff's Office will be dismissed from this action.

### D.     Younger Abstention

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Plaintiff has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. Thus, the Court will abstain from interfering in Plaintiff's ongoing state-court criminal proceedings and will deny his requests for review of his state criminal case. These are issues that should be raised in his criminal case, not here. *See, e.g., Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam) (abstention appropriate in § 1983 action for denial of Sixth Amendment right to counsel; plaintiff can adequately litigate his claim in ongoing state criminal proceedings and the potential for federal-state friction is obvious).

. . . .

. . . .

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed In Forma Pauperis (Doc. 7) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)  The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)  The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5)  The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 16th day of April, 2025.

_____
James A. Teilborg
Senior United States District Judge